UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLEG STAVKOVY,

        Plaintiff,

  v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION, et al.,

        Defendants.

C11-2148 TSZ

ORDER

THIS MATTER comes before the Court on the parties' responses to the Court's Minute Order dated July 19, 2012, docket no. 26, directing the parties to show cause why this action should not be remanded to the King County Superior Court for lack of subject matter jurisdiction. Having reviewed such responses, docket nos. 28 and 29, as well as the Amended Complaint, docket no. 11, the Court concludes that the proper joinder of MTC Financial Inc. dba Trustee Corps., a Washington corporation, destroyed complete diversity of citizenship, and requires remand to the state court. *See* <u>Desert Empire Bank</u>

ORDER - 1

*v. Ins. Co. of N. Am.*, 623 F.2d 1371 (9th Cir. 1980); see also 28 U.S.C. § 1332(a); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In arguing that remand is unnecessary, defendants characterize MTC Financial Inc. as a nominal party, the citizenship of which need not be considered in evaluating whether complete diversity exists.  Defendants' contention ignores the allegations of the operative pleading.  Plaintiff asserts that MTC Financial Inc., although incorporated in Washington, maintains no office here and has no telephone service within the state. *See* Amended Complaint at ¶ 21 (docket no. 11).  Moreover, despite MTC Financial Inc.'s lack of actual presence within Washington, it purported to act as trustee under the deed of trust at issue and conducted a trustee's sale. *Id.* at ¶¶ 25 & 26.  Based on these actions, plaintiff brings claims directly against MTC Financial Inc. for violation of Washington's Deed of Trust Act ("WDTA") and Consumer Protection Act ("CPA").

Thus, this case is distinguishable from the authorities cited by defendants. *See Gogert v. Reg'l Trustee Servs., Inc.*, 2012 WL 289205 (W.D. Wash. Jan. 31, 2012); *Prasad v. Wells Fargo Bank, N.A.*, 2011 WL 4074300 (W.D. Wash. Sep. 13, 2011).  In *Gogert*, the plaintiff "made no substantive claims" against the trustee.  2012 WL 289205 at *4.  Likewise, in *Prasad*, the plaintiff's allegation was "merely that [the trustee] carried out its duties under the deed of trust," and the court there concluded that the trustee had "no interest in the outcome" of the litigation, which concerned only "whether Wells Fargo [Bank, N.A.] is the true beneficiary of the promissory note."  2011 WL 4074300 at *3.

ORDER - 2

1    In contrast, this case is similar to those from federal courts in California, which are
2 discussed in *Prasad*, and in which the trustee was not deemed a nominal defendant.  *See*
3 *Silva v. Wells Fargo Bank, N.A.*, 2011 WL 2437514 (C.D. Cal. June 16, 2011); *see also*
4 *Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955 (S.D. Cal. Aug. 9, 2011).  As
5 explained in *Prasad*, in *Silva*, the plaintiff's complaint asserted claims against the trustee,
6 which was alleged *inter alia* to have included false statements in an otherwise defective
7 Notice of Default, and the defendants had not met their burden of proving that the trustee
8 was a nominal party.  *Prasad*, 2011 WL 4074300 at *3 (summarizing *Silva*, 2011 WL
9 2437514 at *5).  *Prasad* describes *Couture* as also involving claims for money damages
10 against the trustee, and thus, the citizenship of the trustee was held to defeat diversity
11 jurisdiction over the plaintiff's state law claims.  *Id.* (citing *Couture*, 2011 WL 3489955
12 at *3).  In relying on *Prasad* without also acknowledging the fundamental difference
13 between this case and *Prasad*, as well as the contrary authorities identified in *Prasad*,
14 defendants' counsel have not engaged in the level of candor to the Court expected under
15 the Federal Rules of Civil Procedure and Washington's Rules of Professional Conduct.
16 **Conclusion**
17    For the foregoing reasons, the Court sua sponte REMANDS this matter to the
18 King County Superior Court for lack of subject matter jurisdiction.  Defendants and their
19 attorneys shall pay plaintiff's attorney fees associated with responding to the Court's
20 Minute Order dated July 19, 2012, docket no. 26.  *See* 28 U.S.C. § 1447(c) ("An order
21 remanding the case may require payment of just costs and any actual expenses, including
22 attorney fees, incurred as a result of the removal.").  The Court concludes that $500 is a
23

ORDER - 3

1  reasonable amount of attorney fees to compensate for the time plaintiff's counsel spent

2  generating his two-page response, docket no. 29, and arranging for its filing and service.

3  Payment shall be made jointly to plaintiff Oleg Stavkovy and attorney Jason Anderson

4  within twenty-one (21) days of the date of this Order.

5      IT IS SO ORDERED.

6      The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to

7  arrange for REMAND of this matter to the King County Superior Court, and to CLOSE

8  this case.

9      Dated this 30th day of August, 2012.

*[signature: Thomas S. Zilly]*

THOMAS S. ZILLY
United States District Judge

ORDER - 4